UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| STATE AUTO PROPERTY AND<br>CASUALTY INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>  v.<br><br>CHARLES D. ROBINSON, C&J<br>BUILDERS, INC., HAROLD CAIN, and<br>THOMASON TRANSPORTATION, INC.,<br><br>    Defendants. | Case No. 22-cv-1674-JPG |

**MEMORANDUM AND ORDER**

This matter comes before the Court on the motions of defendant Thomason Transportation, Inc. ("Thomason") to set aside entry of default (Doc. 27) and of Thomason and defendant Harold Cain for leave to file an answer (Doc. 28).  The movants represent that plaintiff State Auto Property and Casualty Insurance Company ("State Auto") does not object to the motions.

Thomason is a plaintiff in an underlying traffic accident action against defendants Charles D. Robinson and C&J Builders, Inc.  This declaratory judgment action seeks a declaration that State Auto has no duty to defend the defendants in the underlying action. Thomason is merely a nominal, interested party sued here to be bound by the judgment in this action, not for the purpose of obtaining any relief from it.  Thomason argues that its failure to timely respond to the complaint was caused by a miscommunication between it and its attorney about the scope of the attorney's representation.  Thomason sought to set aside entry default (Doc. 24) in this case just a little more than three weeks after the Clerk of Court entered it.  Since State Auto seeks no relief from Thomason, it is not in a position to advance a substantive defense

to State Auto's claims.

It is appropriate to set aside entry of default as to Thomason. Federal Rule of Civil Procedure 55(c) provides that the Court may set aside entry of default for good cause. The Court should do so if the defendant shows (1) good cause for its default; (2) quick action to correct it; and (3) a meritorious defense to the complaint. *Arwa Chiropractic, P.C. v. Med-Care Diabetic & Med. Supplies, Inc.*, 961 F.3d 942, 949 (7th Cir. 2020); *O'Brien v. R.J. O'Brien & Assocs.*, 998 F.2d 1394, 1401 (7th Cir. 1993). Thomason has established all three factors as well as the fact that its delinquency was not the type of willful refusal to follow court rules that justifies refusing to vacate entry of default.

For the foregoing reasons, the Court **GRANTS** Thomason's motion to set aside entry of default (Doc. 27) and **VACATES** the Clerk's entry of default *as to Thomason only* (Doc. 24). Entry of default against defendant Robinson remains effective. The Court further **GRANTS** the motion of Thomason and Cain for leave to file an answer (Doc. 28) and **ORDERS** that they shall have seven days from entry of this order to electronically file their answer.

**IT IS SO ORDERED.**
**DATED:  September 27, 2022**

                                                  s/ J. Phil Gilbert
                                                  **J. PHIL GILBERT**
                                                  **DISTRICT JUDGE**